# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| v. | **NO. 14-315** |
| **JARED HAYES** | |

## MEMORANDUM OPINION

Defendant Jared Hayes moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Hayes's motion will be denied.

## I. BACKGROUND

On January 23, 2017, Hayes was sentenced to 55 months' imprisonment for bank fraud and identity theft offenses. He is currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey, and is due to be released on February 12, 2021.

Hayes describes himself as "an African American who suffers from Bi-polar disorder, adjustment disorder, compulsive disorder, anxiety and depression," and his medical records indicate that he has been diagnosed with "adjustment disorders with mixed anxiety and depressed mood" as well as "unspecified bi-polar and related disorder." According to Hayes, there are "several verified cases of COVID-19" at Fort Dix,[1] and he states that "with an already pre-existing mental illness, this pandemic is causing me an extraordinary amount of stress and anxiety." Hayes contends that while he has received *some* medical treatment while incarcerated, the "prison has failed at making an attempt to modify or change [his] prescription which is

---

[1] In its Opposition, the Government states that "there are no reported positive cases of COVID-19 in the 'low' facility at that institution where he is held." However, the Bureau of Prisons website states that fourteen inmates are currently positive for COVID-19 at FCI Fort Dix. https://www.bop.gov/coronavirus/. It is unclear how many, if any, of these cases are in the specific facility where Hayes is housed.

causing further deterioration of [his] mental health and immune system." Hayes also contends that the prison has not maintained proper social distancing protocols.

In consideration of his mental health issues, Hayes asks the Court "for a sentence reduction [to time served] under 18 U.S.C. § 3582(c)(1)(A)(i) based on the Extraordinary and compelling public health crisis created by COVID-19." Alternatively, Hayes "request[s] for the Court to order a judicial recommendation for immediate home detention or for the BOP to consider [him] for [Residential Reentry Center ("RRC")] placement for the rest of [his] sentence." Additionally, Hayes asks the Court to order the Warden at Fort Dix to provide an "inmate population report" and a "sworn declaration of all the steps taken to aide and assist inmates who suffer from mental health Conditions" as well as information on the prison's policy for "enforcing inmate social distancing and the type of preventative masks provided to inmates and the duration of use of the mask use." The Government opposes Hayes's motion on the basis that he has failed to exhaust his administrative remedies.

## II. DISCUSSION

Section 3582(c) "allows incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Before a court may consider a defendant's petition and engage in aforementioned analysis, however, the defendant must have exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier").

Here, Hayes admits that he has not exhausted his administrative remedies but "seek[s] to be excused from the exhaustion requirement[, as] [r]equiring exhaustion prior to review by the Court could subject defendant to irreparable injury in loss of reentry services." However, Section 3582's exhaustion requirement cannot be waived by this Court, irrespective of any potential injury or loss to the Defendant. The administrative exhaustion requirement in Section 3582(c) is prescribed by statute, and, the Third Circuit has held that where "Congress has . . . clearly required exhaustion . . . it is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (internal quotations and citations omitted). The Third Circuit has also specifically held that Section 3582(c)'s administrative exhaustion requirements apply notwithstanding the COVID-19 crisis. *See United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Because Hayes has failed to exhaust his administrative remedies, his request for compassionate release must be denied at this time. However, Hayes may file another motion for compassionate release in the event that he requests compassionate release from the prison and such request is denied, or, in the event that 30 days elapse from the date of such request without a response.

As for Hayes's request for an alternative placement, the Court understands Hayes as arguing that the BOP should have released him from prison of its own accord in consideration of his mental health issues. Specifically, he argues that the CARES Act supports his release. Indeed, "[u]nder the CARES Act[,] Congress sought to address the spread of the coronavirus in

prisons by permitting BOP to expand the use of home confinement." *Cordaro v. Finley*, 2020 WL 2084960, at *6 (M.D. Pa. Apr. 30, 2020) (internal citations omitted).  However, "the jurisdiction of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons"—not with this Court.  *Id.*; *United States v. Cruz*, 2020 WL 1904476, at *4 (M.D. Pa. Apr. 17, 2020) ("[C]ourts do not have power to grant relief under section 12003 of the CARES Act." (internal quotations and alterations omitted)); *see also* 18 U.S.C. § 3621 ("[A] designation of a place of imprisonment . . . is not reviewable by any court.").  Because the Court has no authority to order a change in Hayes's placement, the Court declines to issue a recommendation as to Hayes's placement.

Finally, as to Hayes's request that the Court order the Warden at Fort Dix to provide a report on that prison's conditions, Hayes cites to no legal authority in support of this request.  Accordingly, it will not be addressed.

For the foregoing reasons, Hayes's motion will be denied.  An appropriate order follows.

**July 9, 2020**                                                    **BY THE COURT:**

                                                                     */s/ Wendy Beetlestone*
                                                                     _____
                                                                     **WENDY BEETLESTONE, J.**

4