IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 14-315 |
| JARED HAYES | |

## MEMORANDUM OPINION

Defendant Jared Hayes moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Hayes's motion will be denied.

### I. BACKGROUND

On January 23, 2017, Hayes was sentenced to 55 months' imprisonment for bank fraud and identity theft offenses.[1] He is currently incarcerated at Federal Correctional Institution ("FCI") Fort Dix in New Jersey and is due to be released in February 2021.

On May 13, 2020, Hayes filed his initial motion for compassionate release. The Government opposed, and on July 9, 2020, Court denied Hayes's motion for failure to exhaust administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). *United States v. Hayes*, 2020 WL 3869727 (E.D. Pa. July 9, 2020). After the Court had already ruled on Hayes's motion, a Reply brief from Hayes was filed; in that filing, Hayes included evidence of administrative exhaustion. Though Hayes had drafted his Reply on July 5, it was not docketed until July 15, seemingly as a result of mail delivery issues. Having already ruled on Hayes's motion, the Court

---

[1] Specifically, Hayes pleaded guilty to aiding and abetting bank fraud, in violation of 18 U.S.C. § 1344 and § 2, aiding and abetting aggravating identity theft, in violation of 18 U.S.C. § 1028(A)(1)(a) and § 2, aiding and abetting the use of counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), and conspiracy, in violation of 18 U.S.C. § 371.

construed the Reply as a renewed motion for compassionate release, and ordered the Government to respond by July 31.  The Government did so, and again opposed Hayes's motion.  However—again seemingly as a result of mail delivery issues—Hayes had not received the Government's response as of August 6,[2] and he renewed his motion for compassionate release on that date, on the basis that the Government had failed to oppose.  Because the Government did in fact timely respond to Hayes's motion, the Court construes this filing as a supplement to Hayes's July 5 renewal of his motion for compassionate release and will resolve Hayes's request on the basis of the information contained in Hayes's July 5 and August 6 filings, as well as the Government's July 31 Opposition.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons."  *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . .").  Specifically, provided the defendant has exhausted his administrative remedies,[3] Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical

---

[2] This filing was docketed on August 10, 2020.

[3] The Government here concedes that Hayes has exhausted his administrative remedies, and the record so indicates.

condition may be an "extraordinary and compelling" reason warranting release if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1.[4]

In his initial motion for compassionate release filed on May 13, Hayes described himself as "an African American who suffers from Bi-polar disorder, adjustment disorder, compulsive disorder, anxiety and depression." According to Hayes, there were at that time "several verified cases of COVID-19" at Fort Dix,[5] and he stated that "with an already pre-existing mental illness, this pandemic is causing me an extraordinary amount of stress and anxiety." In consideration of these mental health issues, Hayes asked the Court "for a sentence reduction [to time served] under 18 U.S.C. § 3582(c)(1)(A)(i) based on the Extraordinary and compelling public health crisis created by COVID-19."[6] Hayes essentially repeats those arguments in his renewed

---

[4] Hayes argues that "the Courts have been divided on whether U.S.S.G. 1B1.13 is still relevant" for determining which circumstances justify compassionate release under the First Step Act, citing to *United States v. Cantu*, 423 F. Supp. 3d 345 (S.D. Tex. 2019). However, *Cantu* is inapposite. The *Cantu* Court did not reject Section 1B1.13 altogether. Rather, the *Cantu* court concluded that judges were not bound by the Bureau of Prison's definition of "extraordinary and compelling" with respect to Section 1B1.12's catchall provision. *Id.* at 351; *see also United States v. Pollard*, No. 10-cv-633 (E.D. Pa. Aug. 12, 2020) (same). Under the catchall provision, a sentence reduction may be appropriate where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the enumerated reasons for a reduction, such as the defendant's medical condition. *See* U.S.S.G. § 1B1.13 n.1(D). The catchall provision is not triggered here, however, in that Hayes has not identified an "extraordinary or compelling" reason for release "other than, or in combination" with his medical condition. *See United States v. Hawkins*, 2020 WL 3259017, at *5 (W.D. Pa. June 16, 2020) (declining to apply catchall provision after determining that defendant's medical conditions did not constitute an "extraordinary and compelling" reason warranting release, where the defendant's "only" basis for applying the catchall provision was "a generalized fear of contracting COVID-19").

[5] As of the writing of this opinion, there is one confirmed positive case of COVID-19 within the inmate population at Fort Dix, and thirty-nine inmates have recovered from the virus. *See* https://www.bop.gov/coronavirus/.

[6] Alternatively, Hayes "request[ed] for the Court to order a judicial recommendation for immediate home detention or for the BOP to consider [him] for [Residential Reentry Center ("RRC")] placement for the rest of [his] sentence." Additionally, Hayes asked the Court to order the Warden at Fort Dix to provide an "inmate population report" and a "sworn declaration of all the steps taken to aide and assist inmates who suffer from mental health Conditions" as well as information on the prison's policy for "enforcing inmate social distancing and the type of preventative masks provided to inmates and the duration of use of the mask use." The Court denied these requests. *Hayes*, 2020 WL 3869727, at *2. Hayes renewed his request for RRC placement in his July 5 motion, and the Court reiterates its denial for the reasons outlined in its July 9 Opinion. *See id.*

motion, arguing that his mental health issues constitute an extraordinary and compelling reason for release.[7]

However, Hayes presents no evidence indicating that his mental health issues have substantially diminished his ability to provide self-care such that they would constitute an "extraordinary and compelling" reason warranting his release. *See* U.S.S.G. § 1B1.13 n.1. Hayes's medical record indicates that he has received regular mental health treatment and has been prescribed an antidepressant.[8] Treatment notes from December 2019 state that Hayes appeared "calm with pleasant and calm demeanor.  Has no agitation or restlessness.  No suicidal ideation. . . . Fair to good insight and judgment." The notes also state that Hayes was not experiencing adverse effects from the antidepressant.  In sum, Hayes's record indicates that his mental health issues are being appropriately managed by the prison; as such, they do not constitute a basis for compassionate release.  *See*, *e.g.*, *United States v. Troy Holmes*, 2020 WL 4504440, at *2-3  (E.D. Pa. Aug. 5, 2020) (denying compassionate release where defendant's

---

[7] Hayes also suggests in his July 5 filing that the BOP has violated his Eighth Amendment rights by allowing inmates to be potentially exposed to COVID-19 but provides no argument or analysis to allow the Court to evaluate this position.

The relevant inquiry "[w]hen an Eighth Amendment claim arises in the context of a challenge to conditions of confinement, [is whether] prison officials acted with deliberate indifference to the inmate's health [by denying the inmate] the minimal civilized measure of life's necessities." *Fuentes v. Wagner*, 206 F.3d 335, 345 (3d Cir. 2000). While Hayes suggests the Bureau of Prisons' containment measures have been insufficient, he does not deny that measures have been instituted; and, even if these measures have been imperfect, the Eighth Amendment does not require perfection on the part of prison officials. *C.f. Kokinda v. Pennsylvania Dep't of Corr.*, 797 F. App'x 69, 72 (3d Cir. 2019) (explaining that the Eighth Amendment "does not require a perfect diagnosis" from a prison physician and that reasonable mistakes do not constitute deliberate indifference).  Neither has he demonstrated that "the [FDC] would be unable to render treatment to [him] if he were to become infected." *United States v. Stevens*, 2020 WL 1888968, at *6 (E.D. Pa. Apr. 16, 2020) (rejecting Eighth Amendment challenge to detention where defendant had not demonstrated that he had been denied medical care).  Additionally, even if his Eighth Amendment rights had been violated, Hayes has not provided support for his position that release would be the appropriate remedy for such violation. *United States v. Butler*, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (finding that, even if defendant's Eighth Amendment rights had been violated, these violations would not constitute a basis for compassionate release).

[8] In his July 5 motion, Hayes suggests that the BOP has violated his constitutional and statutory rights by denying him psychological services.  The record does not support these claims.

symptoms were "mild and being managed effectively").  And, to the extent that Hayes is experiencing "anxiety and stress" as a result of the pandemic notwithstanding his treatment, these issues do not in themselves justify release.  *See United States v. Osborne*, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020) ("Unfortunately, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."); *United States v. Ramos*, 2020 WL 3440929, at *6 (D. Haw. June 23, 2020) ("Anxiety and fear caused by being incarcerated while the COVID-19 infection is rampant in certain BOP facilities are most understandable, but do not clear the legal hurdles for sentence reduction.").  Neither can "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

For the foregoing reasons, Hayes's motion will be denied.[9]

An appropriate order follows.

**August 13, 2020**                                                                           **BY THE COURT:**


                                                                                              */s/ Wendy Beetlestone*
                                                                                              _____
                                                                                              **WENDY BEETLESTONE, J.**

---

[9] Because Hayes has not demonstrated that there exists and "extraordinary and compelling" reasons warranting release, the Court need not analyze the Section 3553(a) factors.  *See* 18 U.S.C. § 3582(c) (directing a court to consider the Section 3553(a) factors before reducing a term of imprisonment "*if* it finds that extraordinary and compelling reasons warrant such reduction" (emphasis added)).